By the Court :
It is not.supposed by any member of the court that the state charters institutions of learning with a view to authorizing the reprehensible practices of which the defendant has been guilty. Indeed its counsel do not attempt to show that its conduct has been consistent with the purposes of its organization. The only question of doubt is whether it should be ousted of the power to confer degrees fraudulently, or of its right to be a corporation. The former judgment is insisted upon because of the large responsibility of Galbreath for the fraudulent exercise of the powers of the defendant, and because the trustees demanded his resignation when the petition in this case informed them as to his bad character and misconduct.
But a consideration of all the facts shown by the evidence and found by the master leads to the con *347 elusion that the trustees themselves have been culpably negligent, and that the corporate powers of the defendant are, in their hands, liable to grave abuses. Moreover, if an institution of learning is to be maintained at Rogers, it should be relieved of the odium which is attached to the defendant. A judgment ousting the defendant of its right to be a corporation will be entered and so executed as not to interfere with any legitimate educational work which it may now be doing.

Judgment of ouster.